IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-100-D-5
No. 7:13-CV-134-D

| | |
|---|---|
| DANIEL EDUARDO PINEDA-ZELAYA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On June 24, 2013, Daniel Eduardo Pineda-Zelaya moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [D.E. 267]. On August 27, 2013, the government moved to dismiss Pineda-Zelaya's section 2255 motion [D.E. 275]. On October 7, 2013, Pineda-Zelaya responded in opposition to the government's motion [D.E. 281]. As explained below, the court grants the motion to dismiss.

I.

On August 11, 2010, a jury convicted Pineda-Zelaya of conspiring to obstruct commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (count one); obstructing commerce by robbery and aiding and abetting, in violation of the Hobbs Act and 18 U.S.C. § 2 (count two); possessing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count three); and eluding examination by immigration officers, in violation of 8 U.S.C. § 1325(a) (count six). See [D.E. 130, 204]. On January 7, 2011, the court sentenced Pineda-Zelaya to 198 months' imprisonment [D.E. 228]. Pineda-Zelaya appealed his conviction, and on November 4, 2011, the Fourth Circuit affirmed. See United States v. Pineda-

Zelaya, No. 11-4124, 2011 WL 5252558, at *2 (4th Cir. Nov. 4, 2011) (per curiam) (unpublished). Ninety days later, on February 2, 2012, Pineda-Zelaya's time to file a petition for writ of certiorari expired, and his judgment of conviction became final. See Clay v. United States, 537 U.S. 522, 525 (2003).

Pineda-Zelaya asks this court to vacate, set aside, or correct his sentence and claims that he was denied his Sixth Amendment right to effective assistance of counsel. Pineda-Zelaya makes two complaints about his counsel's performance. First, he complains that his counsel failed to argue that the impact of Pineda-Zelaya's robbery on interstate commerce was insufficient to support a conviction under the Hobbs Act. See [D.E. 267] 4; [D.E. 268] 3–6. Second, he complains that his counsel failed to pursue a selective-prosecution claim. See [D.E. 267] 5; [D.E. 268] 6–10. In response, the government moves to dismiss Pineda-Zelaya's section 2255 motion for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor

2

Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

The government first argues that this court should dismiss Pineda-Zelaya's section 2255 motion as untimely. See Mem. Supp. Mot. Dismiss [D.E. 276] 3–4. "A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay, 537 U.S. at 524 (quoting 28 U.S.C. § 2255(f)(1)). In Pineda-Zelaya's case, the one-year period expired on February 2, 2013, see id. at 525, several months before he filed his section 2255 motion. The one-year limitation, however, is not jurisdictional, and is subject to equitable tolling. See, e.g., United States v. Prescott, 221 F.3d 686, 687–88 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Here, Pineda-Zelaya asserts that he filed his section 2255 motion late because, essentially, his counsel led him to believe that proceedings at the Fourth Circuit were ongoing even after the Fourth Circuit had already ruled on his case. See Pet.'s Mem. Opp. Mot. Dismiss [D.E. 281] 4–5. Given the record, the court will not dismiss Pineda-Zelaya's section 2255 motion as untimely.

The government next argues that this court should dismiss Pineda-Zelaya's ineffective-assistance claims on the merits. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009)

3

(per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986).

To prevail on his ineffective-assistance claims, Pineda-Zelaya must demonstrate that his counsel's representation fell below an objective standard of reasonableness, and that his counsel's deficient performance caused him prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Pineda-Zelaya contends that his counsel should have argued that the impact of Pineda-Zelaya's robbery on interstate commerce was insufficient to support a conviction under the Hobbs Act. "[T]he Hobbs Act's jurisdictional predicate is satisfied where the . . . offense has a minimal effect on interstate commerce." United States v. Tillery, 702 F.3d 170, 174 (4th Cir. 2012) (quotation omitted). In particular, "[c]ommerce is sufficiently affected under the Hobbs Act where a robbery depletes the assets of a business that is engaged in interstate commerce." United States v. Williams, 342 F.3d 350, 354–55 (4th Cir. 2003). "When determining whether a robbery had a

4

minimal effect on interstate commerce, [courts] do not look at the impact of the immediate offense, but whether the relevant class of acts has such an impact." Tillery, 702 F.3d at 174 (quotation omitted). Pineda-Zelaya's Hobbs Act conviction was based on his participation in the robbery of a convenience store that sold items which had moved in interstate commerce. See [D.E. 130] 2; [D.E. 268] 4–5. Such a robbery fits comfortably within the jurisdictional limits of the Hobbs Act. See, e.g., United States v. Stevens, 539 F. App'x 192, 194 (4th Cir. 2013) (per curiam) (unpublished); Tillery, 702 F.3d at 174–75. Thus, Pineda-Zelaya has not plausibly alleged that it was objectively unreasonable for his lawyer not to pursue that argument, and his first ineffective-assistance claim fails.

Next, Pineda-Zelaya contends that his counsel should have pursued a selective-prosecution claim. He contends that he was prosecuted because he is Hispanic. See [D.E. 268] 7–8.

"The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws, . . . and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Armstrong, 517 U.S. 456, 464 (1996) (citations and quotations omitted). To succeed on a selective-prosecution claim, "[t]he claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. at 465 (quotation omitted). "To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." Id.; see United States v. Bass, 536 U.S. 862, 863 (2002) (per curiam); United States v. Venable, 666 F.3d 893, 900 (4th Cir. 2012). Pineda-Zelaya has identified no such individuals, and has identified no other facts that plausibly suggest that his counsel's decision not to pursue a selective-prosecution claim was objectively unreasonable. Thus, his second ineffective-assistance claim fails.

5

After reviewing Pineda-Zelaya's claims, the court determines that reasonable jurists would not find the court's treatment of any of Pineda-Zelaya's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 275] and DISMISSES Pineda-Zelaya's motion to vacate, set aside, or correct his sentence [D.E. 267]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **25** day of March 2014.

JAMES C. DEVER III
Chief United States District Judge